**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

DOROTHY J. WHITE                              CIVIL ACTION

VERSUS                                        NO. 10-2505

TEST AUTOMATION & CONTROLS, INC.             SECTION "B" (5)

<u>ORDER AND REASONS</u>

Before the Court are Plaintiff Dorothy White's ("White") Motion to Reconsider Final Judgment and Defendant Test Automation & Control Inc.'s ("TAC") Opposition to the motion (Rec. Docs. No. 31 & 32). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Plaintiff's Motion to Reconsider is **DENIED**.

<u>Cause of Action and Facts of the Case</u>:

This is White's second motion for reconsideration in a matter arising out of her claim of racial discrimination against her alleged employer, TAC. White filed her complaint on August 9, 2010. (Rec. Doc. No. 1). The Court granted TAC's motion for summary judgment on March 26, 2012 (Rec. Doc. No. 24) after White failed to timely respond to the motion. (Rec. Doc. No. 27). White then filed her first motion for reconsideration of the Order granting summary judgment. (Rec. Doc. No. 28). The Court denied the motion for reconsideration noting that White failed to "show or allege that she filed a charge of discrimination with the EEOC against Defendant or received a right to sue letter from the EEOC.

As conditions precedent to filing a discrimination lawsuit, noncompliance with the aforementioned administrative requirements leads to dismissal of this action." (Rec. Doc. No. 29). Accordingly, on April 30, 2012 the Court dismissed the case and entered judgment in favor of TAC. (Rec. Docs. No. 29 & 30).

Plaintiff filed the instant motion to reconsider the judgment in favor of TAC on July 16, 2012, with documents purporting to prove that White complied with EEOC requirements before filing her discrimination suit. (Rec. Doc. No. 31). TAC filed their opposition on August 9, 2012. (Rec. Doc. No. 32).

Law and Analysis:

A. Motion for Reconsideration

The Federal Rules of Civil Procedure do not provide for a "Motion for Reconsideration" but such motions may properly be considered either a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from a judgment. See *Bass v. U.S. Dept. of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000); *Hamiliton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 383 (5th Cir. 1998). In order to be timely filed, a Rule 59(e) motion must be filed within twenty-eight days of the judgment or order of which the party complains. Fed. R. Civ. P. 59(e). Otherwise, a motion for reconsideration will be considered as a Rule 60(b) motion. *Freeman v. County of Bexar*, 142 F.3d 848, n.7 (5th Cir. 1998). It is undisputed that White filed the instant motion for reconsideration

2

well over 28 days from the entry of judgment in favor of TAC.[1]
(Rec. Docs. No. 30 & 31).   Accordingly, White's motion is
considered a Rule 60(b) motion for relief from a judgment.
Further, although the Court liberally construes the pleadings of
*pro se* litigants like White, and applies less stringent standards
than to parties represented by counsel, White is still required to
make an attempt to "reasonably comply" with the standards of the
Federal Rules.   *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir.
1995).

B. Rule 60(b) Motion for Relief From Judgment

     Rule 60(b) "seeks to strike a delicate balance between two
countervailing impulses: the desire to preserve the finality of
judgments and the 'incessant command of the court's conscience that
justice be done in light of all the facts.'" *Lowry Dev., L.L.C. v.
Groves & Associates Ins., Inc.*, 690 F.3d 382, 385 (5th Cir. 2012),
citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir.
1981) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77
(5th Cir.1970)).   "The Rule is to be 'liberally construed...' but
at the same time, 'final judgments should [not] be lightly
reopened.'" *Id*.   Under Rule 60(b), a court may relieve a party
from final judgment for the following reasons:

     (1) mistake, inadvertence, surprise, or excusable neglect;

---

[1]White filed her Motion for Reconsideration on July 16,
2012, almost three months after the judgment in favor of TAC,
which was entered on April 30, 2012.

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60 (b). White argues none of these reasons in her motion for reconsideration.[2] (Rec. Doc. No. 31). Even assuming that the documentation White attached to her motion is adequate evidence that she complied with EEOC prerequisites to filing her federal suit, she provides no explanation for her failure to produce such documents at either the summary judgment phase, or with her previous motion to reconsider. (Rec. Docs. No. 24, 27, & 28). In her instant motion, White asserts that she provided defense counsel with copies of the alleged EEOC documentation as early as January 29, 2012, yet still makes no explanation for her

_____

[2]The complete text of White's motion is as follows:
 The Court's judgment in favor of the Defendant on the 30th day of April, 2012 stated that it was due to the Plaintiff's failure to file suit with the U.S. Equal Employment Opportunity Commission (EEOC). The Plaintiff did file suit with the EEOC in April of 2010 and has attached copies of all documentation. Plaintiff also sent Mr. Drew B. Tipton [defense counsel] a copy of the EEOC documents on January 29, 2012 and he instructed Plaintiff to call him and give him the charge number. Plaintiff respectfully asks the Court to view said documentation and reconsider final judgment.
(Rec. Doc. No. 31).

4

failure to provide them to this Court until nearly three months after judgment in favor of TAC.  (Rec. Doc. No. 31).  As such, White has failed to even attempt to "reasonably comply" with the standards of Rule 60(b) for relief from judgment in favor of TAC.

## C. Burden to establish race discrimination

In a race discrimination claim such as White's, if the plaintiff meets the initial burden of establishing a prima facie case of discrimination, the burden then shifts to the defendant to rebut the plaintiff's case by demonstrating a "legitimate, nondiscriminatory justification for its actions." *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 881 (5th Cir. 2003), citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Reorganization or a reduction in force to respond to a shift in market growth or resources is a recognized legitimate, nondiscriminatory reason for termination. *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 357 (5th Cir. 2007). Once the defendant offers such a nondiscriminatory justification, the burden shifts back to the plaintiff to show that it is merely a pretext for discrimination. *Manning*, 332 F.3d at 881, citing *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002).

Here, even assuming that White established a prima facie case for race discrimination, TAC responded by submitting the affidavit of Cynthia R. Weigel, the Human Resources Manager for TAC, who stated that "In May 2009, [TAC] determined that, due to economic

conditions, it needed to reduce its expenses incurred by housekeeping services," and as a result discharged White. (Rec. Doc. No. 24-5 at 2). As in *Berquist*, this is a legitimate, nondiscriminatory economic reason to terminate White's employment. As such, the burden shifted back to White to prove that TAC's articulated reason was merely a pretext for discrimination. Further, the Court ordered White to respond directly to TAC's arguments for summary judgment. (Rec. Doc. No. 27). Despite both her procedural burden and the Court's direct order, White has failed to tender evidence of pretext for TAC's articulation of a nondiscriminatory business reason for the instant employment decision. Even in the EEOC determination letter provided by Whtie in support of her motion for reconsideration, the EEOC states it was "unable to conclude that the information obtained establishes violation of the statutes." (Rec. Doc. No. 31-1). Therefore, White has complied with neither the procedural nor substantive requirements to succeed on a motion for reconsideration of judgment in favor of TAC.

New Orleans, Louisiana, this 26th day of October, 2012.


UNITED STATES DISTRICT JUDGE